Hanny Youssef **GHALY**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–74097.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Stefanski, Esq., Frank, Greenberg and Simone, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Thom W. Hussey, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Hanny Youssef Ghaly, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming and adopting an Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

We review the BIA's decision for substantial evidence, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Ghaly has not established past persecution or a well-founded fear of future persecution in Egypt. In light of Ghaly's vague testimony regarding the extent of the abuse he suffered, and his failure to report the incidents to the police, we are not compelled to reach a conclusion contrary to the BIA's. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1078 (9th Cir.2004) (holding that where persecution is inflicted by non-governmental actors, the court will consider whether an applicant reported the incident to the police, because a report of this nature may show governmental inability to control the actors). Furthermore, Ghaly's continued presence for two years in Egypt after receiving death threats undermines his contention that he was in imminent fear for his life.

As Ghaly is unable to meet his burden of proof for asylum, he necessarily fails to meet the higher burden of proof for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the IJ's denial of relief under the CAT. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.